IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SYLVIA E. FARRINGTON ) | |
| 11498 Cambray Creek Loop ) | |
| Riverview, FL 33579 ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | |
| v. ) | |
| ) | Jury Trial Demanded |
| Alejandro Mayorkas, ) | |
| Secretary, ) | |
| U.S. Dept. of Homeland Security ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT**

Plaintiff, Sylvia E. Farrington, by and through her undersigned counsel, complains of the Defendant as follows:

**INTRODUCTION**

1. Sylvia Farrington had been working for the Federal Emergency Management Agency (FEMA), a subagency of the U.S. Department of Homeland Security, since 1996. In 2005, she filed an EEO complaint following her unjust dismissal from her position as Branch Chief. Although an EEOC Administrative Judge (AJ) ruled in her favor and the EEOC's Office of Federal Operations (OFO) affirmed the AJ's ruling, Defendant refused to abide by their orders. As a result, Ms. Farrington was thrust into financial hardship. In 2012, Ms. Farrington received a request for deployment from Defendant for a June 2012 report, which she accepted. But, in 2015, Defendant terminated Ms. Farrington's employment, falsely claiming that she had not provided sufficient information regarding an alleged issue of concern in her credit report. It is Ms. Farrington's contention that Defendant's allegations

with respect to her credit report were false and pretext for retaliation for her prior protected activities.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction because on September 23, 2021, the EEOC issued a Decision on an appeal filed by Ms. Farrington.  The Decision gave Ms. Farrington ninety (90) days from the date of the Decision to file a civil action in an appropriate United States District Court.  Venue is proper because the unlawful employment practices were committed in this judicial district, the relevant employment records are maintained and administered in this judicial district and the Defendant's principal offices are located in this judicial district.

## PARTIES

3. Plaintiff Sylvia Farrington is a resident of Riverview, Florida.

4. On information and belief, Defendant, Alejandro Mayorkas, Secretary, U. S. Department of Homeland Security, is named in his official capacity as Attorney General of the Agency that employed Plaintiff within the U.S. Government.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Ms. Farrington initially contacted an EEO counselor on or about July 10, 2015.

6. She filed a formal complaint of discrimination on or about November 5, 2015 (Agency Case No. HS-FEMA-24920-2015).

7. On or about November 1, 2017, Ms. Farrington filed a request for a hearing before an EEOC Administrative Judge (AJ).  She refiled that request on November 28, 2017, after receiving Defendant's Investigative File.

8. On or about December 11, 2017, Ms. Farrington withdrew her request for a hearing

before an AJ.

9. On or about June 21, 2019, an AJ from the EEOC's Washington Field Office dismissed Ms. Farrington's complaint from the EEOC hearing process and remanded it to Defendant to issue a Final Agency Decision (FAD).

10. On or about December 23, 2019, Defendant issued a FAD dismissing two of Ms. Farrington's claims and finding in favor of Defendant on the third claim.

11. Ms. Farrington filed an appeal of the FAD with the EEOC Office of Federal Operations on or about January 22, 2020.

12. On September 23, 2021, the EEOC issued a decision in favor of the Defendant.

13. Ms. Farrington timely files this lawsuit within ninety (90) days of the EEOC's September 23, 2021 decision.

## FACTS

14. This action is filed under Title VII of the Civil Rights Act of 1964 and alleges that the Defendant discriminated against Ms. Farrington based on her prior protected EEO activities when on May 28, 2015, Defendant issued Ms. Farrington a Notice of Termination of Appointment due to her inability to meet one or more requirements of her position and denied her appeal even though Ms. Farrington provided Defendant with sufficient information regarding Defendant's concerns.

### *Background*

15. In 2005, Ms. Farrington was working for FEMA as a Branch Chief in Orlando, Florida.

16. After an unfounded administrative investigation and the abrupt release from her position, Ms. Farrington filed a formal EEO complaint against Defendant alleging discrimination based on race (African American), sex (female), and retaliation for prior

protected activity.  (Agency Case No. HS 05-FEMA-004142).

17. In September 2008, an EEOC AJ found in Ms. Farrington's favor, and awarded her numerous remedies, including backpay, compensatory damages, and that she be returned to her position within 60 days of the Judge's Order.

18. Defendant appealed the AJ's decision, and on January 19, 2011, the EEOC's Office of Federal Operations (OFO) affirmed the AJ's decision.

19. Defendant failed to return Ms. Farrington to her position as ordered, even going so far as to demote her to a "Trainee" status.

20. As a result of Defendant's failure to abide by the AJ's and OFO's orders, Ms. Farrington was thrust into financial hardship.

### *Defendant Issues Ms. Farrington a Travel Credit Card*

21. In May 2012, notably four years after the AJ's Order, Ms. Farrington received a request for deployment from Defendant for a June 2012 report, which she accepted.

22. Before Ms. Farrington was deployed, Defendant informed her that her previous background check and travel credit card had been voided (in violation of the AJ's order)—thus, in order to fulfill the deployment request, Ms. Farrington had to submit to another background check and take steps to reissue the credit card.

23. Almost immediately, Ms. Farrington's credit card was restored, indicating that she had met the necessary criteria, including a credit check.

### *Ms. Farrington Provides Information Related to Credit Report*

24. On August 31, 2012, Mary Oliver, Defendant's Personnel Security Specialist, sent Ms. Farrington a letter requesting information regarding an "issue of concern" in her credit report—namely an outstanding debt of $65,000 to Chase Bank.  The letter requested that Ms. Farrington

"provide information that sufficiently mitigates and/or clarifies the issue(s) of concern." Defendant did not request information demonstrating that the debt was resolved.

25. On September 5, 2012, Ms. Farrington's attorney, Laura Heaney, sent Ms. Oliver a letter explaining that Ms. Farrington disputed the debt to Chase Bank and that the bank had committed multiple violations of North Carolina's unfair and deceptive business practice statute in its handling of Ms. Farrington's account.

26. On September 11, 2012, Ms. Heaney sent a second letter to Ms. Oliver, providing additional information and further explaining the circumstances that resulted in the disputed debt.

27. Ms. Farrington submitted multiple written explanations to Defendant regarding the disputed debt.

28. As explained by Ms. Farrington (and her attorney) numerous times, the outstanding debt was caused by the financial hardships directly attributable to Defendant's discriminatory actions, Defendant's ongoing failure since 2008 to comply with the AJ's Order, as well as the unfair and unlawful predatory lending practices of Chase bank. Ms. Farrington, by and through her attorney, disputed the debt, and sought a loan modification. However, as Chase was the loan originator, Chase had to buy back the loan in order to make a decision on the modification which caused an extended delay in resolution. Ultimately, the mortgage arrearages were resolved.

29. Ms. Farrington's explanations are supported by her credit report during that time period, which showed the balance with Chase as "in dispute." This was visible to Defendant's Personnel Security Office.

30. Moreover, the dispute with Chase Bank occurred during the national mortgage crisis,

which affected millions of individuals. It is highly unlikely that Ms. Farrington was the only Agency employee who was impacted by the national mortgage crisis. It is further highly unlikely that Ms. Farrington was the only Agency employee with a delinquent balance above Defendant's debt threshold.

### *Defendant Issues Ms. Farrington a Final Fitness Determination*

31. On May 3, 2013, Lynconyer Young, Chief of the Personnel Security Branch, issued Ms. Farrington a Final Fitness Determination, finding her unfit for federal service.

32. Ms. Young was aware of Ms. Farrington's EEO activity because she had received Ms. Farrington's documentation, which included the rulings by the AJ and OFO.

### *Ms. Farrington Files Her Second EEO Complaint*

33. On August 12, 2013, Ms. Farrington filed a formal complaint of discrimination (HS-FEMA-01323-2013).

### *Ms. Farrington Remains Active on the Rolls of the Agency for Over Two Years*

34. Despite the Final Fitness Determination, Ms. Farrington continued to receive requests for deployment, participate in paid and unpaid trainings, and received a "selected" Reservist training request. Ms. Farrington was included in all announcements, notices, and conference calls for Agency cadre members. Ms. Farrington was listed as available in the deployment systems.

35. In January 2015, Johanna Pastrana, Reservist Program Manager, Regional Disaster Support Branch, became Ms. Farrington's supervisor.

36. Ms. Pastrana was aware of Ms. Farrington's EEO activity. Defendant claimed the Orders from the AJ and OFO were posted in FEMA offices, and there was a nationwide email welcoming Ms. Farrington back to work.

*The Agency Removes Ms. Farrington Over Two Years After the Final Fitness Determination*

37.     On May 28, 2015, Ms. Pastrana issued Ms. Farrington a Notice of Termination.

38.     Ms. Pastrana was advised by Patricia Silva, Human Capital Officer, to terminate Ms. Farrington's employment "immediately" and without any prior warning(s) or other progressive notice(s) of sequential disciplinary actions.

39.     On June 5, 2015, Ms. Farrington appealed the decision.  Ms. Farrington presented evidence showing that the discrepancy in her credit report was due to Defendant's refusal to abide by the Commission's order, and unfair practices by her bank.  She also alleged that the termination action compounded the original discrimination by the agency.

40.     On September 22, 2015, Michael Grimm, Mitigation Cadre Certifying Authority, denied Ms. Farrington's appeal.  Mr. Grimm's reasons for denying Ms. Farrington's appeal are false and pretext for retaliation.

41.     Ms. Farrington has sustained damages as a result of Defendant's unlawful conduct consisting of lost wages, lost benefits, emotional distress, pain and suffering, mental anguish and liquidated damages.

42.     Defendant acted with malice, in bad faith, and in reckless disregard of Ms. Farrington's federally protected civil rights.

## COUNT 1

(Title VII – Retaliation for Prior EEO Activity)

43.     Ms. Farrington repeats and realleges the allegations set forth in paragraphs 1-42.

44.     By and through its conduct, Defendant retaliated against Ms. Farrington for her prior protected activities when it issued her a Notice of Termination of Appointment and denied her appeal.

**JURY DEMAND**

Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff requests that this Court enter judgment against Defendant on Count 1, and award the following:

a. Damages consisting of lost pay and benefits; compensatory damages for pain and suffering, emotional distress, mental anguish, embarrassment, humiliation, and indignity; punitive damages; plus an amount equal to the tax on any award, costs, and attorneys' fees;

b. Any such other relief as the Court deems just and proper.

Date:  December 10, 2021　　　　　　　　Alan Lescht & Associates, P.C.

　　　　　　　　　　　　　　　　　　　　　　　/s/Jessica Greer
　　　　　　　　　　　　　　　　　　　Susan L. Kruger, DC Bar # 414566
　　　　　　　　　　　　　　　　　　　Jessica Greer, DC Bar #7588235
　　　　　　　　　　　　　　　　　　　1825 K Street, N.W., Suite 750
　　　　　　　　　　　　　　　　　　　Washington, DC. 20006
　　　　　　　　　　　　　　　　　　　Tel.  202-463-6036
　　　　　　　　　　　　　　　　　　　Fax  202-463-6067
　　　　　　　　　　　　　　　　　　　susan.kruger@leschtlaw.com
　　　　　　　　　　　　　　　　　　　Jessica.greer@leschtlaw.com
　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*