UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SYLVIA E. FARRINGTON | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  1:21-cv-03240-RDM |
| | ) | |
| v. | ) | |
| | ) | |
| Alejandro Mayorkas, Secretary, | ) | |
| Department of Homeland Security, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Sylvia Farrington, by and through her undersigned counsel, states the following for her opposition to Defendant, Secretary of Homeland Security's, Motion to Dismiss:

**FACTUAL BACKGROUND**

Ms. Farrington began working for Defendant in 1996. Am. Compl. ¶ 1, ECF No. 17. In 2005, Ms. Farrington was serving as a Branch Chief in Orlando, Florida.  Am Compl. ¶ 15. Following an unfounded administrative investigation and the abrupt release from her position, Ms. Farrington filed an EEO complaint ("First EEO Complaint"), alleging that Defendant discriminated against her on the bases her of race (African-American), sex (female), and reprisal. Am. Compl. ¶¶ 1, 16.

In September 2008, an EEOC Administrative Judge (AJ) found in Ms. Farrington's favor, and awarded her numerous remedies, including backpay and compensatory damages, and that she be returned to her position within 60 days of the AJ's Order. Am. Compl. ¶ 17. Defendant appealed the decision, and on January 19, 2011, the EEOC's Office of Federal Operations (OFO) affirmed the AJ's decision.  Am. Compl. ¶ 18. However, Defendant continued to refuse to promptly return

1

Ms. Farrington to work and pay her damages as ordered, even going so far as to demote her to "Trainee" status. Am. Compl. ¶¶ 18-20.

In May 2012, four years after the AJ's Order, Ms. Farrington received a request for deployment from Defendant for a June 2012 report which she accepted. Am. Compl. ¶ 21. Before Ms. Farrington was deployed, Defendant informed her that her previous background check and travel credit card had been voided (in violation of the AJ's order)—thus, in order to fulfill the deployment request, Ms. Farrington had to submit to another background check and take steps to reissue the credit card. Am. Compl. ¶ 22. Almost immediately, Ms. Farrington's credit card was restored, indicating that she had met the necessary criteria, including a credit check. Am. Compl. ¶ 23.

In August 2012, Defendant told her that her credit report showed an "issue of concern" regarding a $65,000 debt to Chase Bank and requested that Ms. Farrington provide mitigating information. Am. Compl. ¶ 24. Notably, Defendant did not request information demonstrating that the debt was resolved. *Id.*

In response, Ms. Farrington and her attorney submitted several letters explaining that Ms. Farrington disputed the debt and that the bank had committed multiple violations of North Carolina's unfair and deceptive business practice statute in its handling of Ms. Farrington's account. Am. Compl. ¶¶ 25-28. Further, Ms. Farrington and her attorney explained that the outstanding debt was caused by the financial hardships directly attributable to Defendant's discriminatory actions—its ongoing failure since 2008 to comply with the AJ's order. *Id.*

Ms. Farrington disputed the debt and sought a loan modification from Chase Bank. Am. Compl. ¶ 28. However, as Chase was the loan originator, it had to buy back the loan in order to

make a decision on the modification which caused an extended delay in resolution. *Id.* Ultimately, the debt was resolved in Ms. Farrington's favor. *Id.*

Ms. Farrington's explanations are supported by a credit report during that time period, which showed the balance with Chase as "in dispute," which was visible to Defendant's Personnel Security Office. Am. Compl. ¶ 29. Moreover, the dispute with Chase Bank occurred during the national mortgage crisis making it highly unlikely that Ms. Farrington was the only Agency employee with a delinquent balance above Defendant's debt threshold. Am. Compl. ¶ 30.

Despite providing mitigating information as requested, in May 2013, Ms. Farrington received a Final Fitness Determination, finding her unfit for federal service. Am. Compl. ¶ 31. On August 12, 2013, Ms. Farrington filed a second EEO complaint. Am. Compl. ¶ 33.

Kim Wildasin, Ms. Farrington's first-line supervisor since about 2012, testified at a deposition that she became aware of Ms. Farrington's prior EEO case while she was Ms. Farrington's supervisor. Am. Compl. ¶¶ 35-36. When Johanna Pastrana became Ms. Farrington's first-line supervisor in January 2015, she learned about Ms. Farrington's prior EEO activity from Ms. Wildasin, as part of her transition to the position. Am. Compl. ¶¶ 37-38. Additionally, Ms. Pastrana was aware of Ms. Farrington's EEO activity because the AJ's order was posted in FEMA offices, and there was a nationwide email welcoming Ms. Farrington back to work. Am. Compl. ¶ 39.

On May 28, 2015, Ms. Pastrana issued Ms. Farrington a Notice of Termination. Am. Compl. ¶ 40. Ms. Pastrana was advised by Patricia Silva, Human Capital Officer, to terminate Ms. Farrington's employment "immediately" and without any prior warning(s) or other progressive notice(s) of sequential disciplinary actions. Am. Compl. ¶ 41. Ms. Silva was aware of Ms. Farrington's EEO case because Ms. Silva was the Employee Labor Relations Specialist assigned

3

to the Mitigation Cadre, which was the unit where Ms. Farrington was employed. Am. Compl. ¶ 42. On June 5, 2015, Ms. Farrington appealed her termination, but FEMA denied her appeal. Am. Compl. ¶¶ 43-44.

## **LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *Herron v. Fannie Mae*, 861 F.3d 160, 173 (D.C. Cir. 2017). A plaintiff does not have to include "detailed factual allegations" in order to survive a motion to dismiss under Rule 12(b)(6). *Bell Atl., Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Fed. R. Civ. P. 8(a)(2) requires only that a plaintiff plead "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. While Rule 8(a)(2) requires more than bald accusations or mere speculation, the complaint need only set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, even if "recovery is very remote and unlikely" or the veracity of the claims are "doubtful in fact." *Id.* at 555-56.

In reviewing a Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint," *Twombly*, 550 U.S. at 572, and must "draw all reasonable inferences in favor of the plaintiff." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). A complaint may survive as long as the factual matter alleged in the complaint is "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555–56 (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations")).

A court may not dismiss a claim of retaliation on a motion to dismiss for failing to plead the *prima facie* elements of the claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–11 (2002) ("[t]he *prima facie* case under *McDonnell Douglas* ... is an evidentiary standard, not a pleading

4

requirement"); s*ee also Brady v. Office of the Sergeant at Arms*, 520 F.3d 490, 493 (D.C. Cir. 2008) ("[a]t the motion to dismiss stage, the district court cannot throw out a complaint even if the plaintiff did not plead the elements of a prima facie case"). A plaintiff alleging retaliation faces a low hurdle at the motion to dismiss stage and need not present evidence of pretext. *See Rochon v. Gonzales,* 438 F.3d 1211, 1219–20 (D.C. Cir. 2006).

## **LEGAL ARGUMENT**

A plaintiff can satisfy her burden to plead a plausible claim of retaliation by providing facts showing that she engaged in a protected activity and suffered an adverse employment action and alleging that she suffered the adverse employment action as a result of the protected activity. *See Winston v. Clough*, 712 F.Supp.2d 1, 11 (2010) (citing *Beckham v. Nat'l R.R. Passenger Corp.,* 590 F.Supp.2d 82, 89 (D.D.C. 2008) (refusing to dismiss a retaliation claim where the plaintiff "satisfied her burden by alleging that she was denied benefits because of her opposition to actions made unlawful by Title VII")); (then citing *Dave v. Lanier,* 606 F.Supp.2d 45, 52–53 (D.D.C.2009) (denying the defendant's motion to dismiss the plaintiff's claim of retaliation because "the plaintiff ... made out a legally cognizable claim of retaliation by contending that he engaged in a protected activity by reporting the trainer's allegedly discriminatory conduct and that in response to his complaint, the defendant retaliated against him by subjecting him to materially adverse actions")).

Moreover, a plaintiff need only allege that the adverse actions were caused by her protected activity. *See Vance v. Chao,* 496 F.Supp.2d 182, 187 (D.D.C. 2007) (citing *Twombly,* and denying a motion to dismiss, stating that at the motion to dismiss stage, "[the] plaintiff can meet her prima facie [sic] burden simply by alleging that the adverse actions [that were supported by facts in her complaint] were caused by her protected activity"); *Rhodes v. Napolitano,* 656 F. Supp. 2d 174, 187 (D.D.C. 2009) (rejecting argument that the plaintiff's retaliation claim failed to establish a

5

causal connection between protected activity that occurred in 2003 or 2004 and retaliatory action that occurred in 2007, because the plaintiff's allegation that the defendant initiated the retaliatory action in response to her previous EEOC activity was "sufficient to survive a motion to dismiss").

In the case at bar, Ms. Farrington has sufficiently alleged a retaliation claim that is plausible on its face.

Ms. Farrington engaged in protected conduct when she filed her first EEO Complaint in or around 2005, continued to pursue her case despite multiple appeals by the Agency after the AJ found in her favor; and filed a second EEO complaint in August 2013. Am. Compl ¶¶ 1, 17-18, 33.

Ms. Farrington suffered adverse actions when the Agency failed to promptly return her to her position as ordered by the AJ, subjected her to an unwarranted credit inquiry despite restoring her Agency credit card previously, issued her a Final Fitness Determination that found her "unfit" for federal service, and terminated her employment. *See* Am. Compl ¶¶ 19, 21-24, 31, 40.

Finally, Ms. Farrington has alleged that the adverse actions were caused by her protected activities. *See* Am. Compl ¶¶ 1, 14, 43-48.

The length of time between Ms. Farrington's filing of her formal EEO complaints and the retaliatory actions is not a bar to her retaliation claim. Although a causal connection between the protected activity and the adverse action is an essential element of a retaliation claim, temporal proximity is not. A complaint's facts reflecting temporal proximity can be probative of a causal connection but are *not required* in order to plead a retaliation claim. *See Winston v. Clough*, 712 F.Supp. 2d 1, 11 (2010) (emphasis added). A large gap between the protected activity and retaliation is not necessarily fatal to a claim when the plaintiff can point to other factors leading to an inference of causation. *See Buggs v. Powell,* 293 F. Supp. 2d 135, 149 (D.D.C. 2003).

Where the time between the events is too great to establish causation based solely on temporal proximity, other relevant evidence in the intervening period can establish causation. *See Buggs*, 293 F.Supp.2d at 149 (finding that evidence of discriminatory or disparate treatment in the time period between the protected activity and the adverse employment action can be sufficient to show a causal connection.). Although the Agency did not terminate Ms. Farrington until years after her first EEO Complaint, the Agency subjected her to continuous retaliatory actions leading up to her ultimate removal. The Agency refused to comply with the AJ's Order, despite subsequent orders by the OFO to do so. Am. Compl ¶ 20. As a result, Ms. Farrington not only failed to receive the backpay that she was entitled to, but she also was not promptly returned to work. Am. Compl ¶¶ 19-20. And when she was finally returned to work, the Agency took this opportunity to raise concerns about a debt on Ms. Farrington's credit report. Am. Compl ¶¶ 21-24. Despite Ms. Farrington's explanations and that the debt was ultimately resolved in her favor, the Agency found her unfit for federal service. Am. Compl ¶¶ 25-31. However, Ms. Farrington remained active on the Agency rolls for the following two years, almost as if the Agency forgot that it did not terminate her in 2013. Am. Compl ¶ 34. Eventually, when there was a change in her supervisors, Ms. Farrington was promptly terminated in 2015. Am. Compl ¶¶ 37, 40.

Finally, a plaintiff employee's ongoing "EEO-protected activities" confer continued protection from retaliation to the employee. *See Casole v. Johanns*, 577 F. Supp. 2d 138, 140 (D.D.C. 2008) (finding that a five-year time lapse between filing of an employee's EEO complaint and agency's alleged retaliation did not warrant dismissal of employee's Title VII retaliation claim on grounds that time lapse prevented showing of requisite causation); *see also Brodetski v. Duffey*, 199 F.R.D. 14, 20 (D.D.C. 2001) (considering a plaintiff's continuing protected activity in determining proximity). Although Ms. Farrington filed her first EEO Complaint in or around 2005,

7

her case lagged on for years, not only due to the long EEOC process, but also through appeals and subsequent lawsuits regarding the Agency's failure to comply with the AJ's 2008 Order, which continue to this day.   Therefore, Ms. Farrington has had continued protection from retaliation. Accordingly, Ms. Farrington has established a causal connection between her protected activities and all of the Agency's retaliatory actions.

The numerous cases Defendant cites in support of its argument that Ms. Farrington has not sufficiently pled a causal connection are inapposite because they were decided at the summary judgment stage. *See Jeffries v. Barr*, 965 F.3d 843, 860 (D.C. Cir. 2020); *McGrath v. Clinton*, 666 F.3d 1377, 1380 (D.C. Cir. 2012); *Brown v. Mills*, 674 F. Supp. 2d 182, 197 n.8 (D.D.C. 2009); *Barry v. U.S. Capitol Guide Bd.*, 636 F. Supp. 2d 95, 106-07 (D.D.C. 2009); *Iyoha v. Architect of the Capitol*, 927 F.3d 561, 574 (D.C. Cir. 2019); *Forman v. Small*, 271 F.3d 285, 301 (D.C. Cir. 2001); *Holbrook v. Reno*, 196 F.3d 255, 263 (D.C. Cir. 1999); *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 274 (2001); *Taylor v. Solis*, 571 F.3d 1313, 1322 (D.C. Cir. 2009); *Gustave-Schmidt v. Chao*, 360 F. Supp. 2d 105, 118-19 (D.D.C. 2004), *aff'd*, No. 04-5181, 2004 WL 2348142 (D.C. Cir. Oct. 19, 2004); *Lobato v. N.M. Env't Dep't*, 733 F.3d 1283, 1291 (10th Cir. 2013); *Morris v. City of Chillicothe*, 512 F.3d 1013, 1020 (8th Cir. 2008); *Fane v. Locke Reynolds, LLP*, 480 F.3d 534, 541 (7th Cir. 2007); *Rand v. CF Indus., Inc.*, 42 F.3d 1139, 1145 (7th Cir. 1994). These cases should not be considered by the Court.

The Supreme Court has made clear that, at the motion to dismiss stage, the question "[is] 'not whether [the defendant] will ultimately prevail,' ... but whether [the] complaint [is] sufficient to cross the federal court's threshold." *Slate v. Public Defender Service for the District of Columbia*, 31 F.Supp.3d 277, 291 (D.C. Cir. 2014) (citing *Skinner v. Switzer*, 562 U.S. 521 (2011)); *see also Ryan-White v. Blank*, 922 F.Supp.2d 19 (D.C. Cir. 2013), *Spaeth v. Georgetown*

*University*, 839 F.Supp.2d 57, 65 (D.C. Cir. 2012). An employment discrimination plaintiff is not required to plead every fact necessary to establish a prima facie case to survive a motion to dismiss. *Jones v. Air Line Pilots Ass'n, Intern.*, 642 F.3d 1100, 1104 (D.C. Cir. 2011) (citing *Swierkiewicz*, 534 U.S. at 511); *see also SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 425 (4th Cir. 2015), *as amended on reh'g in part* (Oct. 29, 2015) ("courts must be careful not to import the summary-judgment standard into the motion-to-dismiss stage.").

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's pending Motion to Dismiss.

DATED: April 26, 2022                                RESPECTFULLY SUBMITTED,

Alan Lescht & Associates, P.C.

/s/   *Jessica N. Greer*
Jessica N. Greer [DC Bar #7588235]
Susan L. Kruger [DC Bar #414566]
1825 K Street, N.W., Suite 750
Washington, D.C. 20006
Tel: (202) 463-6036
Jessica.greer@leschtlaw.com
susan.kruger@leschtlaw.com
*Counsel for Plaintiff*