UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SYLVIA E. FARRINGTON, *Plaintiff*, v. ALEJANDRO MAYORKAS, Secretary of Homeland Security, *et al.*, *Defendants*. | Civil Action No. 21-3240 (BAH) |

### DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

In moving to dismiss, ECF No. 19, Defendants demonstrated that Sylvia Farrington fails to plausibly allege a causal link between her filing of an Equal Employment Opportunity ("EEO") complaint and her firing, an essential element of her Title VII retaliation claim. In response, she argues that she need offer only a wholly conclusory allegation of causation, not facts supporting a plausible inference of causation, to state her retaliation claim. That is contrary to the bedrock rule of pleading that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and Farrington fails to show any exception to this rule for allegations of causation on a Title VII retaliation claim. She argues in the alternative that her factual allegations support a plausible inference of causation, but that is not so. For these reasons, this Court should dismiss Farrington's amended complaint.

**A.     Farrington Must Plead Facts Supporting A Plausible Inference of Causation, Not Merely Allege Causation In A Wholly Conclusory Fashion**

A complaint warrants dismissal if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*,

556 U.S. at 678 (quotation marks omitted). This means that "a wholly conclusory statement of claim" cannot survive a motion to dismiss based only on a "possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (cleaned up). This pleading standard applies to the elements of a Title VII retaliation claim no less than any other claim, including the element of causation. *See Pueschel v. Chao*, 955 F.3d 163, 167 (D.C. Cir. 2020) (Title VII retaliation claim requires pleading facts that "support a reasonable inference of causality" under *Iqbal*);[1] *Cook v. Billington*, 737 F.3d 767, 772 (D.C. Cir. 2013) (plaintiff must plausibly allege all elements of a Title VII retaliation claim).[2]

To plead a Title VII retaliation claim, a plaintiff must plausibly allege that (1) she engaged in a protected activity, (2) her employer took a materially adverse action against her, and (3) a causal link connects the two. *Cook*, 737 F.3d at 772. Farrington argues that she states a valid Title VII retaliation claim by pleading a bare, conclusory allegation of causation, without alleging facts that give rise to a plausible inference of causation. Pl.'s Opp'n at 5-6, ECF No. 29. That flatly contradicts *Iqbal* and *Twombly*, which held that "mere conclusory statements" fail to meet a plaintiff's burden at the pleading stage, *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), as well as *Pueschel*, 955 F.3d at 167, and *Cook*, 737 F.3d at 772, which applied this rule to Title VII retaliation claims, including the element of causation. The cases Farrington cites for a contrary rule predate *Pueschel* and *Cook*, and reflect the pre-*Twombly* standard that is no longer good law.

---

[1] *Pueschel* concluded that the plaintiff had failed to plausibly allege causation as to Count One of her complaint, 955 F.3d at 167, which raised a Title VII retaliation claim, *id.* at 165.

[2] A Title VII retaliation plaintiff need not plausibly allege causation if she plausibly alleges direct evidence of retaliation instead, *see Gordon v. U.S. Capitol Police*, 778 F.3d 158, 162 (D.C. Cir. 2015) (relying on Title VII case law to reach this conclusion under Family and Medical Leave Act), but Farrington does not allege direct evidence of retaliation, so this rule is inapposite here.

For example, Farrington cites *Vance v. Chao*, 496 F. Supp. 2d 182, 187 (D.D.C. 2007), which recited the correct *Twombly* standard under the "Standard of Review" header, but then relied on a pre-*Twombly* case in its actual analysis to hold that a Title VII retaliation plaintiff may plead "causation simply by alleging that the adverse actions were caused by her protected activity." (citing *ACLU Found. of S. Cal. v. Barr*, 952 F.2d 457, 467 (D.C. Cir. 1991)). *Beckham v. National Railroad Passenger Corp.*, 590 F. Supp. 2d 82, 89 (D.D.C. 2008), then cited *Vance* for the claim that a bare allegation of causation suffices to defeat a Rule 12(b)(6) motion. *Rhodes v. Napolitano*, 656 F. Supp. 2d 174, 186 (D.D.C. 2009), in turn, cited *Vance* and *Beckham* for this same point. Next, *Dave v. Lanier*, 606 F. Supp. 2d 45, 53 (D.D.C. 2009), cited *Vance* and two pre-*Twombly* cases for this point. (citing *Rochon v. Gonzales*, 438 F.3d 1211, 1220 (D.C. Cir. 2006) and *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1114 (D.C. Cir. 2000)). Finally, *Winston v. Clough*, 712 F. Supp. 2d 1, 11 (D.D.C. 2010), cited *Vance*, *Beckham*, *Rhodes*, and *Dave* for the same point.

In this way, pre-*Twombly* case law ended up inadvertently laundered into post-*Twombly* cases. This was understandable—*Twombly* was decided less than two and a half months before *Vance*, and announced a shift from the pleading regime of *Conley v. Gibson*, 355 U.S. 41 (1957). No surprise, then, that "[m]uch confusion accompanied the lower courts' initial engagement with *Twombly*," *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 968 (9th Cir. 2009), including in Title VII cases, *see, e.g.*, *Williams v. N.Y.C. Transit Auth.*, Civ. A. No. 10-0882, 2011 WL 13157342, at *4 (E.D.N.Y. July 28, 2011) (after *Twombly* and *Iqbal*, lower courts "struggled with the application of the [new] standard in the context of [Title VII] claims"). The cases Farrington cites misapplied *Twombly* and *Iqbal*, and the D.C. Circuit later clarified that Title VII retaliation claims require plausible allegations of causation. *See Pueschel*, 955 F.3d at 167; *Cook*, 737 F.3d at 772. This Court should not follow those earlier cases down the same wrong path.

3

B.      **Farrington Fails To Plead Facts Supporting A Plausible Inference of Causation**

Nor do Farrington's well-pleaded allegations plausibly support an inference of causation. She alleges that the Federal Emergency Management Agency ("FEMA") "failed to return [her] to her position," as the Administrative Judge had ordered it to do. Am. Compl. ¶ 19.[3] But that does not support a plausible inference of causation, as Farrington pleads no facts to support a plausible inference that FEMA would have reinstated her but for her EEO complaint. Title VII retaliation claims use a but-for causation standard, and "textbook tort law" tells us that a Title VII retaliation plaintiff cannot show but-for causation if the defendant would have taken the same adverse action absent the protected activity. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 347 (2013) ("[A]n action 'is not regarded as a cause of an event if the particular event would have occurred without it.'" (quoting William Keeton et al. *Prosser and Keeton on Law of Torts* 265 (5th ed. 1984))); *see also Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (retaliation plaintiff cannot show but-for causation unless the adverse action "would not have been taken absent the retaliatory motive"). Farrington fails to plead any facts supporting a plausible inference that FEMA would have reinstated her had she never filed an EEO complaint, an implausible idea that defies common sense. *See Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim . . . requires the reviewing court to draw on its judicial experience and common sense").

Farrington also argues that FEMA "raise[d] concerns about a debt on [her] credit report," Pl.'s Opp'n at 7, but it is hard to see how that gives rise to a plausible inference of causation. After all, scrutinizing an employee's credit history is hardly unusual or improper—employers routinely

---

[3]     In fact, the Administrative Judge's order did not direct FEMA to reinstate Farrington to her prior position—only to place her in "a comparable managerial position." Def.'s Mot. Dismiss Am. Compl., Attach., Decision & Order at 66, ECF No. 19-1; *see also Owens v. BNP Paribas, S.A.*, 897 F.3d 266, 273 (D.C. Cir. 2018) ("Public records are subject to judicial notice on a motion to dismiss when referred to in the complaint and integral to the plaintiff's claim.").

4

check credit histories to ensure one's fitness and reliability for a certain job. *See Wiggins v. Equifax Services, Inc.*, 848 F. Supp. 213, 218 (D.D.C. 1993) (credit history "enable[s] an employer to make informed evaluations about a possible employee's suitability for employment"); *Burghy v. Dayton Racquet Club, Inc.*, 695 F. Supp. 2d 689, 692 (S.D. Ohio 2010) ("It is permissible for an employer to procure a credit report for employment purposes."); *see also TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2223 (2021) (Thomas, J., dissenting) ("[T]he entire purpose of [a credit report] is to demonstrate that a person can be trusted"). Nor does Farrington allege, much less plead facts to support a plausible inference, that FEMA treated her differently in this regard than it would treat an employee who had not filed an EEO complaint. Indeed, she concedes that her credit report did show a $65,000 debt. Pl.'s Opp'n at 7; Am. Compl. ¶ 25. FEMA's understandable choice to inquire about this debt cannot support a plausible inference of causation. *Cf. Twombly*, 550 U.S. at 557 (facts "that could just as well" reflect lawful behavior do not suffice to plead claim plausibly).

       Farrington next argues that FEMA's determination that her debt made her unfit for service supports a plausible inference of causation. Pl.'s Opp'n at 7. This argument fails for two reasons. First, Farrington concedes that even after FEMA found her unfit for service, it did not remove her, and she "remained active on [FEMA's] rolls." *Id.* Nor does she allege that she suffered any tangible harm due to FEMA's determination of her unfitness, such as a reduction in her pay or benefits. As best her amended complaint shows, FEMA's determination had no negative impact on her job at all, much less a tangible one, and so was not materially adverse. *See Drielak v. Pruitt*, 890 F.3d 297, 300 (D.C. Cir. 2018) (only a "significant change in job responsibilities" is materially adverse (cleaned up)); *Douglas v. Donovan*, 559 F.3d 549, 552 (D.C. Cir. 2009) (only "a significant change in employment status" is materially adverse); *cf. Durant v. District of Columbia*, 875 F.3d 685, 698 (D.C. Cir. 2017) ("allegations of deficient work performance" not materially adverse "absent

5

a showing that [they] would have dissuaded a reasonable employee from engaging in protected activity"); *Baloch v. Kempthorne*, 550 F.3d 1191, 1199 (D.C. Cir. 2008) (a proposed suspension is not materially adverse if it "is not actually served"); *Davis v. Joseph J. Magnolia, Inc.*, 815 F. Supp. 2d 270, 282 (D.D.C. 2011) ("A lower score on the employee's performance evaluation, by itself, is not actionable . . . unless the employee can establish that the lower score led to a more tangible form of adverse action" (cleaned up)). How an action that was not even materially adverse can support a plausible inference that Farrington's protected activity caused her removal is unclear.

Farrington also pleads no facts to support a plausible inference that FEMA's determination that her debt made her unfit for service was insincere, pretextual, or otherwise not in good faith. She asserts that her bank "committed multiple violations of North Carolina's unfair and deceptive business practices statute in its handling of [her] account," and attributes her debt to "unfair and unlawful predatory lending practices." Am. Compl. ¶¶ 25, 28. This is the epitome of "conclusory statements" that "do not suffice" to plead a plausible claim to relief. *Iqbal*, 556 U.S. at 678. Even if Farrington's bank broke the law in issuing her loan and/or handling her account, she pleads no facts to support a plausible inference that this somehow made her debt invalid, or otherwise not a valid concern to FEMA as her employer. Farrington alleges that she disputed the debt, Am. Compl. ¶¶ 25, 29, but that itself says nothing about the debt's validity, as one can "just as well" dispute a debt even if it is valid. *Twombly*, 550 U.S. at 557. Farrington says that FEMA's failure to reinstate her is what caused her debt to accrue, Am. Compl. ¶ 28, but this only concedes the debt's validity.

Farrington also alleges that she later sought a loan modification from her bank; that actions beyond her control delayed the matter's resolution; that her bank ultimately resolved the matter in her favor; that her debt arose during the nationwide mortgage crisis; and that other employees most likely also held delinquent balances above FEMA's debt threshold due to the mortgage crisis. Am.

6

Compl. ¶¶ 28, 30. But even if all these things were true, they would not furnish a plausible basis to infer that Farrington's debt was invalid, or else otherwise not a valid concern for FEMA as her employer. Notably, she pleads no facts supporting a plausible inference that FEMA treated her any differently than it treated other employees with equivalent debt. To the extent Farrington suggests that FEMA's failure to accept the explanations she gave for her debt supports a plausible inference of causation, she gives no plausible basis to infer that FEMA was bound to accept her explanations, for essentially the same reasons as above. For all these reasons, FEMA's determination that Farrington's debt made her unfit for service does not support a plausible inference of causation.

Finally, Farrington alleges that she was "promptly terminated in 2015" after "there was a change in her supervisors." Pl.'s Opp'n at 7; Am. Compl. ¶¶ 37, 40. But the bare fact that she was fired does not support a plausible inference of causation. *See Wiley v. Glassman*, 511 F.3d 151, 158 (D.C. Cir. 2007) (an adverse action alone, "without more, is not proof of illegal discrimination or retaliation"). If anything, Farrington's allegation that FEMA fired her only after a change in her supervisors undermines her allegations that FEMA's actions prior to the change in her supervisors, such as refusing to reinstate her, inquiring about her debt, or determining that the debt made her unfit for service, were retaliation for her EEO complaint. Nor, as Defendants already explained in moving to dismiss, does the degree of temporal proximity between her EEO complaint and her removal plausibly suggest causation, even dating her protected activity by when the complaint process concluded. *See* Def.'s Mot. Dismiss at 4-5. Farrington notes that temporal proximity is not necessary to establish causation. Pl.'s Opp'n at 6. That is true enough, but she pleads no other facts to support a plausible inference of causation, either. Farrington notes that many of the cases that Defendants cited to show her failure to plead causation plausibly were decided at the summary judgment stage. Pl.'s Opp'n at 8. That is of no moment—the D.C. Circuit has relied, in the Title

7

VII retaliation context, on cases resolved at the summary judgment stage to hold that a plaintiff failed to plausibly allege causation at the motion to dismiss stage. *See Pueschel*, 955 F.3d at 167 (relying on cases that "were resolved on summary judgment, and not a Rule 12 dismissal" to conclude that plaintiff failed to plausibly allege causation at motion to dismiss stage).

*      *      *

This Court should dismiss Farrington's amended complaint.

Dated: May 2, 2022

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: /s/
BRADLEY G. SILVERMAN
D.C. Bar #1531664
Assistant United States Attorney
601 D Street NW
Washington, DC 20530
(202) 252-2675
bradley.silverman@usdoj.gov

*Attorneys for the United States*